It appears that in the city of Buffalo, while the management and regulation of common schools are committed to the common council, in the place of being entrusted to the ordinary town and district officers who have charge of that subject in the county towns, the distinction of districts is still preserved for certain purposes. (Rev. Charter of Buffalo, Laws of 1853, ch. 230, tit. 6, § 10.) The amount generally needed for the support of the schools is to be included in the general tax upon the whole city (id., tit. 5, § 6), while the money required to be expended for the purchase of or payment for land for the site of school-houses in the districts is to be levied upon the taxable property in the district for which such land is purchased. (Id.,tit. 6, § 9, subd. 6, § 10.)
The complaint alleges that the sum of $7500 has, by a resolution of the common council, been directed to be levied upon the taxable property of the district, partly for the support of the schools and partly for the purchase price of land for a school-house and for an additional piece of land to compose a school-house site after a school-house had been erected. It is stated that the district owned sufficient land for a school-house site besides that for which the tax was levied, and also that the district was the owner of a good bond and mortgage for $6250, being the consideration of lands sold by the district for a school-house. The complaint does not disclose the respective proportions or amounts included in the tax for general purposes and for the purchase of land, though the levy for general purposes is said to be a large sum. The whole tax is claimed to be illegal.
As to the portion of the tax levied for the purchase of a school-house site, no facts are shown rendering it illegal. *Page 544 
The fact that the district owned other land sufficient for the purpose is unimportant, it not being stated that it is in any respect suitable or proper to build a district school-house upon. It is said, indeed, to be sufficient for that purpose. That expression would be satisfied by the existence of a parcel of ground sufficient in area but in no respect fit for the purpose. Then, as to the alleged mortgage, it is not shown when it would become payable, the only allegation being that it was good and valid; nor is it shown that the amount levied will not be required, to pay for the site purchased, in addition to the proceeds of the bond and mortgage. The portion of the tax applicable to the additional piece of ground stands upon the same footing. The common council could purchase the school-house site in two parcels as well as in one.
But it was illegal to include in the tax upon the district any sum for the support of the schools; and the remaining inquiry is, whether the plaintiff has shown himself so aggrieved in respect to that subject as to authorize him to litigate the question in this form with the city. He does not appear to have been assessed for personal property, and it is not shown that he has any in the district or in the city which is liable to be taken for the tax. The complaint is, that it is, if legal, a lien upon certain lots of ground in the district owned by him, and that the defendants threaten to sell them. The action is therefore in the nature of a suit quia timet, and also of a suit to remove a cloud upon the plaintiff's title. I am of opinion that he ought to have stated the amount included in the tax for the support of schools. It is not even said to have been a large proportion of the whole $7500, but simply "a large sum." This is a comparative expression, and when used in a pleading, without any reference to the amount with which it is compared, is so indefinite that it may mean a few dollars or a few hundred dollars. The plaintiff does not show that it is impracticable or even difficult for him to ascertain the items *Page 545 
of which the sum to be levied is made up. He seeks, upon this vague complaint, to arrest the proceedings of the common council in the exercise of their jurisdiction to levy a local tax, and, for this purpose, to call into exercise the equitable jurisdiction of the court. If he had an absolute right, exdebito justitiæ, as a party has to recover the amount due on a contract, or for damages for a tort, we could not, on demurrer, take into consideration the smallness of the amount. But where the complaint is, that public officers threaten to expose his property for sale, to pay a tax, and that he will thereby suffer an irreparable injury, for which he can have no other remedy, he does not, in my judgment, make out a case for the exercise of the jurisdiction without stating the amount of the alleged illegal tax.
The superior court of Buffalo dismissed the complaint on the ground that it sufficiently appeared on the face of the proceedings that the tax was illegal, and hence that it could not happen that the plaintiff would be injured. I am of opinion that this is also a sufficient answer to the complaint. The resolution imposing the tax is not set out. It is said that a resolution was passed and approved for the assessing of $7500 upon school district number two, in said city, to defray the contingent expenses thereof. If this averment was intended for a statement of the terms of the resolution, as seems to be the case, I am of opinion that it was illegal on its face. The power to levy a tax upon the district, distinct from the residue of the city, is limited to money "sufficient to pay all such sums as they may deem necessary to be expended in such district for the purchase of or payment for land therein, and the building and furnishing of school-houses and their appurtenances." (Rev. Charter, tit. 6, § 9, subd. 6.) The terms, "contingent expenses of school district" number two, would not suggest or include the idea of purchasing land for a building or school-house. In making title to the plaintiff's land, a purchaser under a tax sale would be bound to show that the tax was one which the *Page 546 
common council had a right to impose upon the district. The resolution, if correctly stated in the complaint, would not show that it was levied for a purpose warranted by the law.
For these reasons I am of opinion that the demurrer was well taken, and that the judgment of the superior court was correct.
Judgment affirmed.